OPINION
 STATEMENT OF THE FACTS AND THE CASE
This is an appeal from a finding of guilty after a plea of no contest to one count each of Driving under the Influence and Failure to Control a Motor Vehicle.
The sole Assignment of Error is that appellant was denied effective assistance of counsel.
A claim of ineffective assistance of counsel requires a two prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 113 S.Ct. 838,122 L.Ed. 2d 180; Strickland v. Washington (1984), 466 U.S. 668,104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136.
In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
In order to warrant a reversal, the appellant must additionally show she was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
The information available to trial counsel from the police investigation which would form a basis for legal advice provided to appellant was that appellant's vehicle traveled across Clinton Street and struck a parked truck. An eyewitness, Patricia Bowlbry, observed appellant's vehicle back up and flee the scene.
Appellant's bumper and license plate was left at the scene. Officer Brnjic located appellant's address from the plate. At appellant's address, he observed her damaged vehicle.
While the car was locked, he noticed a beer can laying on the floor on the driver's side along with keys.
Upon confronting appellant, his statement is that her eyes were red and glassy, she had a strong odor of alcohol, her speech was slurred, she admitted to a couple of beers, denied drinking after the accident and appeared too intoxicated to test.
No information was provided by her at that time of a seizure.
At the hearing appellant withdrew her plea of not guilty and pled no contest to each charge.
She was asked if this was her wish and she responded affirmatively. (T. at 2).
The record is clear that she was emotional and expressed problems about her divorce, etc. (T. at 3, 5, 6).
The trial court specifically advised her of the possible consequences of a plea. (T. at 3-4).
She responded that she supposed she was satisfied with her attorney. (T at 4).
Appellant's counsel stated that she had a seizure and may have been under the influence of alcohol but that she didn't believe she was intoxicated. (T. at 4). Appellant also stated that she had a seizure. (T. at 7).
We have no indication of medical support provided as to a seizure at the time of the accident.
Under the investigative circumstances we cannot conclude that plan of no contest was beyond the scope of reasonable representation.
It is, therefore, unnecessary to review the second prong referenced on page 2 hereof.
Also, the trial court advised of the potential results of such a plea.
We overrule the Assignment of Error and affirm the decision of the trial court.
NUNC PRO TUNC
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed.
Costs assessed to appellant.
Hon. Sheila G. Farmer, P.J., Hon. John W. Wise, J., Hon. John F. Boggins, J., concur.